UNITED STATES *v.* FISHER.*

*(Circuit Court, S. D. Ohio, W. D. · August 22, 1881.)*

1. U. S. ELECTION LAWS—SUPERVISOR OF ELECTION—OFFICER OF ELECTION—SECTION 5515, REV. ST.

   A supervisor of election, appointed under the laws of the United States, is an "*officer of an election*" within the meaning of section 5515, Rev. St.

2. SAME—INTERFERENCE WITH JUDGES—SECTION 5511, REV. ST.

   While the judges of an election, at which a representative in congress is voted for, are engaged in counting the ballots cast, to mingle with the ballots cast ballots having thereon the name of a candidate for representative in congress which the defendant well knew had not been voted by any of the electors at such election, constitutes "an unlawful interference with the judges of the election in the discharge of their duties," within the meaning of section 5511, Rev. St.

On Demurrer to Indictment.

*George R. Sage* and *Chas. H. Blackburn,* for demurrer.

*Channing Richards,* U. S. Dist. Att'y, *contra.*

BAXTER, C. J.  The indictment in this case is demurred to.  It contains six counts—four of them predicated on section 5515, and the others on section 5511, of the Revised Statutes.  Section 5515 provides—

"That every officer of an election, at which a representative or delegate in congress is voted for, whether such officer of election be appointed or created by or under any law or authority of the United States, or by or under any state, territorial, district, or municipal law or authority, who neglects or refuses to perform any duty in regard to such election required of him by any law of the United States, or of any state or territory thereof; or who violates any duty so imposed; or who knowingly does any act thereby unauthorized, with intent to affect any such election or the result thereof, * * * shall be punished," etc.

One of these counts, which will serve as a sample of them all, charges that defendant,—

"Being an officer of an election at which a representative in congress for the first congressional district of Ohio was voted for, to-wit, a supervisor of election, duly appointed under the laws of the United States for the voting precinct A, of the first ward of the city of Cincinnati, did unlawfully and knowingly do an act unauthorized by the laws of the United States, or of the state of Ohio, in that, while the judges of said election were engaged in counting the ballots cast in said precinct, he did mingle with the ballots so cast certain, to wit, fourteen, ballots, having thereon the name of a candidate for representative in congress for said district which he well knew had not been voted by any of the electors of said precinct, with intent to affect the result of said election by having them counted as ballots cast by the electors of said precinct," etc.

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

No objection has been taken to the frame of the indictment. But defendant contends that none but *officers of an election* are amenable to indictment under the law, and that supervisors appointed pursuant to the act of congress relating to the subject are not such officers. We assent to the first part of the proposition. None but officers of an election are within either the letter or spirit of the law. But are supervisors such officers? An office, says Cowell, is "a function by virtue whereof a man hath some employment in the affairs of another." Webster defines it to be "a duty, charge, or trust;" while Burrill says "the idea of an office clearly embraces the ideas of tenure, duration, fees or emoluments, rights and powers, as well as that of duty." A supervisor, we think, fulfils all these conditions. He is appointed and commissioned by authority of law, which fixes the tenure and duration of his office, is entitled to fees, vested with certain powers and privileges, and charged with defined duties. When in the discharge of these duties or in the exercise of these rights, he speaks and acts by authority of law, and is unquestionably an officer. It seems equally clear that he is an officer of elections. Every requirement which the law makes of him relates directly or remotely to elections. He is authorized and required to attend at all times and places fixed for the registration of voters, who, being registered, would be entitled to vote for a representative or delegate in congress, and to challenge any person offering to register; to attend at all times and places when the names of registered voters may be marked for challenge, and to cause such names registered as they may deem proper to be so marked; to make, when required, the lists provided for in section 2026, and verify the same; and upon any occasion and at any time, when in attendance upon the duties prescribed, to personally inspect and scrutinize such registry, and for purposes of identification to affix their signatures to each page of the original list, and to each copy thereof, at such times, upon each day when any name may be received, entered, or registered, and in such manner as will, in their judgment, detect and expose the improper or wrongful removal therefrom or addition thereto of any name. Section 2016.

They are further authorized and required to attend at all times and places for holding elections of representatives or delegates in congress, and for counting the votes cast at such elections; to challenge any vote offered by any person whose legal qualifications they may doubt; to be and remain where the ballot-boxes are kept at all times after the polls are open, until every vote cast at such time and place has been counted, the canvass of all votes polled wholly completed,

and the proper and requisite certificates or returns made, whether the certificates or returns be required under any law of the United States, or any state, territorial, or municipal law; and to personally inspect and scrutinize, from time to time, and at all times, on the day of election, the manner in which voting is done, and the way and method in which the poll-books, registry lists, and tallies or check-books—whether the same are required by any law of the United States, or any state, territorial, or municipal law—are kept. Section 2017.

And to the end that each candidate for the office of representative or delegate in congress may obtain the benefit of every vote cast for him, supervisors are required to personally scrutinize, count, and canvass each ballot cast in their election districts or voting precincts, etc.; and the better to enable them to discharge their duties, they are authorized and directed, in their respective districts or voting precincts, on the day of registration, on the day when the registered voters may be marked to be challenged, and on the day of election, to take, occupy, and remain in such position as will, in their judgment, best enable them to discharge their duties; and when the voting has ceased, to assume such position in relation to the ballot-boxes, for the purpose of engaging in the work of canvassing the ballots and performing such other duties as are prescribed by law, and there remain until every duty in respect to such canvass, certificates, returns, and statements has been wholly completed. Sections 2018 and 2019.

An officer whose only official duties relate to the registration of votes as preliminary to the exercise by them of their right to vote, to be present at the polls during the time the votes are being cast, to engage in the work of canvassing the ballots, to personally scrutinize, count, and canvass each ballot cast, and to remain with the inspectors and other officers of such election until the votes are canvassed and counted, and certificates and returns are wholly completed, is an officer of the election so supervised by him within the meaning and intention of the section under and pursuant to which the counts under consideration were framed.

The remaining counts, based on section 5522, proceed against defendant as an individual. This section declares it an offence for any one "to interfere in any manner with any officer of such election in the discharge of his duty." The counts thereunder recharge the same unlawful commingling of votes referred to in the preceding counts, and aver that such unlawful commingling of the spurious with the legal ballots constituted "an unlawful interference with the

judges of the election in the discharge of their duties." I am unable to see any valid objection to them. They follow the law, and the facts alleged constitute, beyond doubt, an unlawful interference within the plain meaning of the statute.

The demurrer will be overruled.

NOTE. A governor of a state is not "an officer of election" within the meaning of section 22 of the act of May 31, 1870, (section 5515, Rev. St.) *U. S.* v. *Clayton,* 2 Dill. 219; 19 Am. Law Rep. 737; 10 Am. Law Reg. (N. S.) 737. See Giauque's U. S. Election Laws, 35 *et seq.*